**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4135**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HENRY MORRIS HAYES, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00177-CCE-1)

Submitted:  September 13, 2013        Decided:  October 3, 2013

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Morris Hayes pled guilty to two counts of embezzlement by a bank officer, in violation of 18 U.S.C. § 656 (2006), and was sentenced to twenty-seven months in prison. On appeal, Hayes argues that the district court erred by: (1) enhancing his offense level two levels under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.3 (2011), because the district court determined that Hayes abused a position of trust; and (2) refusing to grant him a downward departure sentence based on his alleged "extraordinary acceptance of responsibility." We affirm.

We find no clear error in the district court's decision to enhance Hayes' offense level under USSG § 3B1.3. See United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005) (providing standard). Rather, the record reveals that Hayes' business banker position aided his crimes and provided him with authority beyond "an ordinary bank teller." USSG § 3B1.3 cmt. n.1 (2011).

Moreover, we decline to review the district court's denial of Hayes' motion for a downward departure because the district court gave no indication that it did not understand its authority to depart downward. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) ("We lack the authority to review a sentencing court's denial of a downward departure unless the

2

court failed to understand its authority to do so."). In fact, the district court explicitly acknowledged the reasons Hayes believed he was entitled to a departure sentence and, although the district court stated it took these reasons into account, it explained that it believed a sentence at the top of Hayes' Guidelines range was more appropriate because of the nature and circumstances of the offense. Because the district court clearly understood its authority to depart from Hayes' Guidelines range, but nonetheless rejected Hayes' request that it impose a lesser sentence, we will not disturb the district court's refusal to impose a departure sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED